## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 12, 1897.

JAMES S. WOODSIDE, ASSIGNEE, OF FREDERICK L. GRAFFLIN,

VS.

THE JOHN C. GRAFFLIN CO. OF BALTIMORE CITY, MARY S. GRAFFLIN AND FREDERICK L. GRAFFLIN, HER HUSBAND.

*F. C. Slingluff* for plaintiff.

*J. Alex. Preston* and *Carter Lee Bowie* for defendant.

STOCKBRIDGE, J.—

On the 12th of December, 1894, Mr. F. L. Grafflin, who at that time had standing in his name upon the books of the John C. Grafflin Company 362½ shares of its stock, executed a deed of trust for the benefit of his creditors, to the plaintiff, Mr. James S. Woodside. Eight days later, on December 20th, Mr. Woodside was made president of the John C. Grafflin Company, and filed that position until the 15th of July, 1896, when he was removed by the board of directors, and since his removal has brought this suit to compel the John C. Grafflin Company to issue to him a certificate for the number of shares in that company, so held by or standing in the name of Mr. F. L. Grafflin, on the books of the company at the time of the assignment made to the plaintiff. The proceeding is resisted by the company upon the ground that at the time of the assignment to Mr. Woodside, Mr. F. L. Grafflin was indebted to the company somewhere in the neighborhood of $60,000, and still is indebted to the company in an amount of at least $49,000, and that the company has a lien upon the stock so standing in the name of Mr. Grafflin, for the amount of the indebtedness to the company, superior to any claim that there may be in Mr. Woodside, as the assignee of Mr. Grafflin. This lien is claimed to exist by virtue of a by-law of the company under which it is provided that no stock shall be transferred upon the books of the company while the shareholder thereof is indebted to the company. With regard to this, the plaintiff asserts, first, that said by-law is void and inoperative, and second, that even if not void, there has been a settlement of the indebtedness which existed from Mr. F. L. Grafflin to the company at the time of the assignment to Mr. Woodside, and that such settlement having taken place, the alleged by-law, even if valid and effectual, is without operation.

The first question to be disposed of is whether or not the by-law of the company which interdicts the transfer of shares of its stock while the shareholder in whose name they stand is indebted to the company, thereby creating a lien in favor of the company as against the stock of the shareholder, is a valid effectual exercise of the power granted to corporations formed under the General Law "to make by-laws not inconsistent with law, for the management of its property, the regulation of its affairs, and for the transfer of its stock."

It is conceded and established by an overwhelming weight of authorities that no such lien in favor of a corporation as against a shareholder existed at the common law. It is equally evident that it is entirely competent to give corporations by statutory enactment such a lien, but none has been given by an act of Assembly in this State; it is further clear that it would be entirely competent for the Legislature in the granting of any charter to include such a power among the charter provisions, but this is not a corporation formed by an act of Assembly, but organized under the General Incorporation Act, deriving its powers from that act, and therefore without any powers other or greater than are conferred by that act. In some States the General Incorporation Law has granted to corporations the power by law to create such liens in their own favor as against their shareholders. Alabama Code, 1876, Sec. 2040; Conn. Genl. Stat. 1875, p. 279, Sec. 8; Ga. Code, 1873, Sec. 1999; Vermont Revsd. Laws, 1880, Sec. 3296. In this State, however, the only power so granted by the Legislature is that embodied in Section 55 of Article 23, of the Code of Public General Laws, which is, the power "to make by-laws not inconsistent with law, for the management of its property, the regulation of its affairs, and for the transfer of its stock." Similar and almost identical powers with this are to be found in the statutes of many other States, and in the construction of a by-law such as that involved in this case, and adopted under statutes closely resembling our own, there has been a wide conflict of decision. Hence among the text writers, Beach, Moraweitz, Taylor, and Angell and Ames, incline to the view that such a by-law is a good and valid exercise by the corporation of the power conferred. Spelling and Cook regard the matter as in doubt, while in Lowell on the transfer of stock, Section 166, and Jones on Liens, Section 361, those authors are clearly inclined against the valid effect of any such by-law. Even

text writers and courts which adopt the view that such a by-law is a valid and effectual exercise of the corporate power under the general statutory authorization to enact by-laws, express a *doubt as to such conclusion in the case of a bona fide purchaser for value without notice.* This distinction, however, does not enter into the present case, for Mr. Woodside as assignee for the benefit of creditors is not a purchaser for value; he stands, and must stand, in precisely the position of his assignor, Mr. F. L. Grafflin, and if the by-law would be valid as against Mr. F. L. Grafflin, it is equally valid and binding as against Mr. Woodside. As has already been noted, the question presented is one in regard to which there is much conflict of authority, but without entering into a full discussion of all the cases cited in the able argument by counsel, it is sufficient to say that so far as Maryland is concerned, and the Maryland view of the question, that appears to be determined in the very recent case of the Bloede Company against Bloede, 84 Md. 129, when the Court says, "the power to regulate the transfer of stock does not include authority to control its transfer ability by prescribing to whom the owner may sell, and to whom not, *or upon what terms*, and so a by-law prohibiting the alienation of the shares of stock, *or imposing any restriction on its exercise* is declared to be a restraint of trade, and against public policy and void."

And in· support of the principle thus laid down, our Court of Appeals quotes as authority, and adopts the case of Brinkerhoff Farris Trust and Savings Co. vs. The Home Lumber Company, 118 Mo. 457. In this latter case two by-laws came up for the construction of the Court; one of which was a by-law to the same effect and in similar language·to the one presented in this case, and with regard to it the Missouri Court said: "It is very clear that the attempt of the directors of the defendant company restricting the rights of its stockholders to convey their stock to any one while indebted to·the corporation was without warrant or authority of law, and as such is not binding, either on the stockholders or those purchasing from them. The company itself had no right to pass such a law." This case was decided in 1893. and the case of Bloede in our own State in June, 1896, and, therefore,

must be taken to be the latest authoritative declaration of the law in this State. There can be no question but what a provision such as that contained in the by-law of the John C. Grafflin Company, which sought to create a lien in favor of the company, is a limitation and restriction upon the alienation of the shares of stock of the company, and, therefore since in Maryland any restriction on the exercise of the right of alienation of shares of stock is void, either as against the stockholder or those purchasing from them, I must hold the by-law in question to be ultra vires, and, therefore, void, even as against F. L. Grafflin or his assignee, Mr. Woodside.

In view· of the· conclusion which I have reached with regard to the effect of this by-law, it becomes immaterial to inquire as to whether or not there was a settlement of the indebtedness due by Mr. F. L. Grafflin to the John C. Grafflin Company, and a decree will be signed directing the issuance of the 362½ shares of the stock in question to Mr. James S. Woodside, trustee, the plaintiff, and that the certificate of stock heretofore issued for the said 362½ shares be surrendered up by the defendants, Mary S. Grafflin and Frederick L. Grafflin, for cancellation.